# THE STATE OF NORTH DAKOTA v. A. F. DAVIS.

## (164 N. W. 698.)

**Crows — shooting of — private diversion — public — not witnessed by — Sabbath breaking — crime of — does not constitute.**

The shooting of crows as a private diversion, not witnessed by the public generally, and in such a way as not to attract a crowd or to injure anyone, does not constitute the crime of Sabbath breaking.

Opinion filed September 15, 1917.

Appeal from the District Court of Cass County, Honorable *A. T. Cole,* Judge.

Reversed.

*Barnett & Richardson,* for appellant.

Defendant and companions were out hunting and shooting on Sunday. This act, as well as the formation of the party, was for private diversion only, and not for the amusement or entertainment of the public. There was nothing in this intended or amounting to "public sports." Penal Code, § 9238, as amended by Senate Bill 137 being an act passed by the legislature of 1917.

This statute prohibits only such "shooting" as constitutes a "public sport," and does not prohibit "shooting" which is private and so indulged as a diversion. People v. Dennin, 35 Hun, 327; People v. Moses, 140 N. Y. 214, 35 N. E. 499.

Playing ball on Sunday if exercised privately, and it is shown that the religious repose of the community is not interrupted, does not come within the statute. People v. Poole, 44 Misc. 118, 89 N. Y. Supp. 773; Moore v. Owen, 58 Misc. 332, 109 N. Y. Supp. 585; Re Allen, 34 Misc. 698, 70 N. Y. Supp. 1017; People ex rel. Bedell v. DeMott, 38 Misc. 171, 77 N. Y. Supp. 249; N. Y. Penal Code, § 265; People ex rel. Poole v. Hesterberg, 43 Misc. 510, 89 N. Y. Supp. 498; People v. Finn, 57 Misc. 659, 110 N. Y. Supp. 22.

Any of the prohibited acts must be of a public nature, to constitute

---

NOTE.—As to what amusements are prohibited by Sunday laws, see note in 30 L.R.A.(N.S.) 465.

crime. People v. Hemleb, 127 App. Div. 356, 111 N. Y. Supp. 690; William Fox Amusement Co. v. McClellan, 62 Misc. 100, 114 N. Y. Supp. 594; People v. Roach, 61 Misc. 42, 114 N. Y. Supp. 742; Edwards v. McClellan, 118 N. Y. Supp. 181; Klinger v. Ryan, 91 Misc. 71, 153 N. Y. Supp. 937; People ex rel. Klinger v. Rand, 91 Misc. 276, 154 N. Y. Supp. 293.

The general trend of the authorities is to hold that innocent, healthful amusements may not unnecessarily be prohibited, where the public in its religious observation of the Sabbath is not disturbed—private sports are not included. Ex parte Roquemore, 60 Tex. Crim. Rep. 282, 32 L.R.A.(N.S.) 1186, 131 S. W. 1101; Re Hull, 18 Idaho, 475, 30 L.R.A.(N.S.) 465, 110 Pac. 256; State v. Prather, 79 Kan. 513, 21 L.R.A.(N.S.) 23, 131 Am. St. Rep. 339, 100 Pac. 57; Ex parte Neet, 157 Mo. 527, 80 Am. St. Rep. 638, 57 S. W. 1025; State v. Chamberlain, 112 Minn. 52, 30 L.R.A.(N.S.) 335, 127 N. W. 444, 21 Ann. Cas. 679; State v. Penny, 42 Mont. 118, 31 L.R.A.(N.S.) 1155, 111 Pac. 727; Com. v. Alexander, 185 Mass. 551, 70 N. E. 1017; Cheeves v. State, 5 Okla. Crim. Rep. 361, 114 Pac. 1125; Rucker v. State, 67 Miss. 328, 7 So. 223.

*William Langer,* Attorney General, and *George K. Foster,* Assistant Attorney General, for respondent.

"All shooting, sporting, horse racing, gaming, or other public sports, upon the first day of the week, are prohibited." Comp. Laws 1913, § 9238; State v. Fargo Bottling Works Co. 19 N. D. 396, 26 L.R.A. (N.S.) 872, 124 N. W. 387; 2 Lewis's Sutherland, Stat. Constr. 2d ed. § 519; United States v. Winn, 3 Sumn. 209, Fed. Cas. No. 16,740.

"The rule of the common law, that penal statutes are to be strictly construed, has no application to this Code. All its provisions are to be construed according to the fair import of its terms, with a view to effect its object and promote justice." Cal. Penal Code, § 4; People v. Fowler, 88 Cal. 136, 25 Pac. 1110; State v. McGillic, 25 N. D. 35, 141 N. W. 82; Rex v. Younger, 5 T. R. 449, 101 Eng. Reprint, 253, 2 Revised Rep. 638; Smith v. Sparrow, 4 Bing. 84, 130 Eng. Reprint, 700, 12 J. B. Moore, 266, 2 Car. & P. 544, 5 L. J. C. P. 80, 29 Revised Rep. 514; Williams v. Paul, 6 Bing. 653, 130 Eng. Reprint, 1433, 4 Moore & P. 532, 8 L. J. C. P. 280, 31 Revised Rep. 512; Fennell v. Ridler, 5 Barn. & C. 406, 108 Eng. Reprint, 151, 8 Dowl. & R. 204, 4

L. J. K. B. 207, 29 Revised Rep. 278; Tucker v. West, 29 Ark. 400; Scammon v. Chicago, 40 Ill. 149; Towle v. Larrabee, 26 Me. 469; Smith v. Wilcox, 24 N. Y. 353, 82 Am. Dec. 302; Northrup v. Foot, 14 Wend. 248; People v. Hoym, 20 How. Pr. 76; Brunnett v. Clark, Sheldon, 502; Albrecht v. State, 8 Tex. App. 313; Re Allen, 34 Misc. 698, 70 N. Y. Supp. 1017; Cook's Crim. Code, 1913 ed. § 2152; Nairn v. University of St. Andrews [1909] A. C. 147, 78 L. J. P. C. N. S. 54, 100 L. T. N. S. 96, 25 Times L. R. 160, 53 Sol. Jo. 161, [1909] S. C. 10, 46 Scot. L. R. 132; Ill. Crim. Code, § 23, div. 1; Hurd's Rev. Stat. (Ill.) ¶ 20, chap. 38, p. 753; 2 Ill. Anno. Stat. 1911, chap. 38, ¶ 3505; Hall v. State, 48 Wis. 688, 4 N. W. 1068; Pooler v. State, 97 Wis. 627, 73 N. W. 336; Utah Rev. Stat. 1898, § 4334, amended by Sess. Laws 1905, chap. 19, p. 16; State v. Hows, 31 Utah, 170, 87 Pac. 163; Ala. Code 1907, § 7814; Smith v. State, 50 Ala. 159.

"It is thus seen that among the acts specifically prohibited on Sunday is fishing. That is absolutely prohibited on Sunday everywhere and under all circumstances. It may be done in a community where it does not offend the sensibilities of anyone—and in such manner as not to disturb the peace or interrupt the repose of religious liberty of the community, and yet the law is violated. It is quite unreasonable to suppose that the legislature meant that whenever any of these acts are charged as a violation of the law, an issue can be framed and tried as to their public, offensive, or disturbing character. The legislature has settled that matter by prohibiting them absolutely." People v. Moses, 140 N. Y. 216, 35 N. E. 499; Johnston v. Com. 22 Pa. 111.

ROBINSON, J. This case comes here on appeal from a judgment against defendant on an information charging that on August 26, 1917, the defendant did commit the crime of Sabbath breaking. That he, with a private hunting party of one or more persons, went a hunting for the shooting of crows, and that for their private diversion Davis and his party did hunt and shoot crows on divers tracts of land; that the hunting and shooting was not open to participation on the part of the public, and it was not for the amusement or entertainment of the public, and that said parties had legal hunting permits.

Nothing is said of the kind or character or number of crows shot, or as to whether they were bad crows or good crows. The prosecution

is under an old section of the Penal Code of 1877. It reads: The following acts are forbidden to be done on the first day of the week, for the doing of which is Sabbath breaking.

1. Servile labor excepting work of necessity and charity.
2. Public sports.
3. Trades, manufactures, and mechanical employment.
4. Public traffic.
5. Serving process.

All shooting, sporting, horse racing, gaming, and other public sports upon the first day of the week are prohibited.

As amended in 1917 this last section reads:

All shooting, sporting, horse racing, and other public sports on the first day of the week are prohibited. The word "gaming" was omitted by inadvertence or mistake, and the rest of the amendment relates to baseball playing.

So, the charge against the defendant is based on an old Sunday statute as it has stood on the books during fifty-two years. By its plain words the statute refers to and prohibits only public shooting and other public sports. The shooting charged against Davis was a private sport. It was not given as a public entertainment or a public exhibition. It was not done in such a way as to attract a crowd of people or to injure or offend any person. It was a mere private diversion. Hence, the judgment is reversed and the defendant discharged.